IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                            |   |                              |
|----------------------------|---|------------------------------|
| UNITED STATES OF AMERICA,  | ) |                              |
|                            | ) |                              |
| v.                         | ) | Criminal Action No. 07-248   |
|                            | ) |                              |
| DAVID DIEHL,               | ) |                              |
|                            | ) |                              |
| Defendant.                 | ) |                              |

## OPINION

On August 25, 2008, this Court received a letter from Defendant David Diehl, indicating his desire to change counsel. On August 25, 2008, the Court attached a copy of the defendant's letter to an Order scheduling a hearing on the matter to be held on September 3, 2008 [Doc. #68]. Thereafter, on August 28, 2008, Defendant filed a Motion to Proceed Pro Se [Doc. #69] and on September 2, 2008, the Government filed a Response to the Motion to Proceed Pro Se [Doc. #70]. On September 3, 2008, we held a hearing to determine whether it was Mr. Diehl's intent to waive his right to counsel and proceed *pro se* or to change his counsel of record.

At the beginning of the hearing on September 3, 2008, it appeared that Defendant Diehl wanted to waive his right to counsel and proceed *pro se*. Therefore, the Court conducted a colloquy to determine whether the defendant's waiver of his right to counsel was knowing, intelligent, and voluntary. We also urged Mr. Diehl to think seriously about his desire to waive the right to counsel and proceed *pro se*. By the conclusion of the hearing, Mr. Diehl was unsure whether he wanted to obtain alternative counsel or waive his right to counsel and proceed *pro se*. Given that the defendant could not assert his desire to proceed *pro se* clearly and unequivocally, we declined to rule on Defendant's Motion to Proceed Pro Se until informed by Mr. Diehl of his

final decision, and held that until further notice, Mark Lancaster was to remain as counsel of record for Mr. Diehl.

On September 5, 2008, Mr. Diehl sent us a letter stating, *inter alia,* "I wish to proceed Pro Se until I have decided on alternative counsel." A copy of this letter is attached to this Opinion as Appendix 1. Accordingly, we are now prepared to rule on Defendant's Motion to Proceed Pro Se [Doc. #69].

In United States v. Peppers, 302 F.3d 120, 129 (3d Cir.), cert den'd, 537 U.S. 1062 (2002), the Third Circuit court explained the analysis a trial court must undertake when a defendant wants to waive his right to counsel and proceed *pro se*:

> [i]t is the tension between the right to have counsel and the right to represent oneself that places upon the trial court the weighty responsibility of conducting a sufficiently penetrating inquiry to satisfy itself that the defendant's waiver of counsel is knowing and understanding as well as voluntary. The Supreme Court's jurisprudence reflects a long tradition of concern for persons haled into a legal system that they cannot understand and in need of assistance to help them navigate. *See, e.g.,* Von Moltke v. Gillies, 332 U.S. 708, 720, 68 S.Ct. 316, 92 L.Ed. 309 (1948). But requiring a trial court to be particularly vigilant when a defendant waives his right to counsel even predates Von Moltke.
>
>> This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.
>
> Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Citing to Zerbst, the Von Moltke Court stressed that the discourse with the defendant is not "a mere procedural formality" but that it requires a judge to
>
>> investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right

2

does not automatically end the judge's responsibility. To be valid
such waiver must be made with an apprehension of the nature of
the charges, the statutory offenses included within them, the range
of allowable punishments thereunder, possible defenses to the
charges and circumstances in mitigation thereof, and all other facts
essential to a broad understanding of the whole matter. A judge can
make certain that an accused's professed waiver of counsel is
understandingly and wisely made only from a penetrating and
comprehensive examination of all the circumstances under which
such a plea is rendered.

This case graphically illustrates that a mere routine inquiry-the
asking of several standard questions followed by the signing of a
standard written waiver of counsel-may leave a judge entirely
unaware of the facts essential to an informed decision that an
accused has executed a valid waiver of his right to counsel.

Von Moltke, 332 U.S. at 723-24.

. . .

In sum, a district court cannot make an informed decision as to the knowing and
voluntary nature of a defendant's request to proceed *pro se* without a thorough
inquiry, on the record, to assure itself that the defendant fully apprehends the
nature of the charges against him, the perils of self-representation, and the
requirements that will be placed upon him. This calls for specific forewarning of
the risks that foregoing counsel's trained representation entails. Once the court has
fulfilled those responsibilities, however, if the defendant still elects to proceed *pro
se*, the court must permit him to do so.

Id. at 130-133 (footnote omitted).

Similarly, in considering whether a defendant effectively waived his right to counsel

when he made said request at the time of sentencing, the Third Circuit court stated in United

States v. Salemo, 61 F.3d 214 (3d Cir.), cert. den'd, 516 U.S. 1001 (1995):

at sentencing, just as at trial, "a defendant's waiver of counsel can be deemed
effective only where the district court has made a searching inquiry sufficient to
satisfy him[/her] that the defendant's waiver was understanding and voluntary."
*Welty*, 674 F.2d at 189. We have not previously, nor do we now, require a rote
dialogue "such as that mandated for guilty plea proceedings conducted pursuant to

3

Rule 11 of the Federal Rules of Criminal Procedure."*James,* 934 F.2d at 473. However, at a minimum, a trial judge must make "a searching inquiry sufficient to satisfy him[/her] that the defendant's waiver was understanding and voluntary." *Welty,* 674 F.2d at 189. The court's inquiry must be calculated to insure that the defendant is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he[/she] knows what he[/she] is doing and [the] choice is made with eyes open.' " *Faretta,* 422 U.S. at 834, 95 S.Ct. at 2541 (quoting *Adams,* 317 U.S. at 279, 63 S.Ct. at 242). "Perfunctory questioning is not sufficient." *Welty,* 674 F.2d at 187. Where the record contains no such inquiry, or one that is inadequate, there can be no valid waiver of the right to counsel. Salemo's purported waiver was accepted without such an inquiry and therefore it cannot stand.

Id. at 220-21.

Turning to the matter before us, we first find, based upon Mr. Diehl's September 5, 2008 letter to the Court, attached to this Opinion as Appendix 1, that Mr. Diehl has asserted his desire to waive counsel and proceed *pro se* clearly and unequivocally. Furthermore, we find based upon Mr. Diehl's responses to the Court's questions at the September 3, 2008 hearing, that Mr. Diehl's waiver of counsel and assertion of his right to proceed *pro se* was made knowingly, understandingly, intelligently and voluntarily. Accordingly, Defendant's Motion to Proceed Pro Se [Doc. #69] is granted.[1] An appropriate Order will follow.

September *10*, 2008

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Soo Song, AUSA
Mark Lancaster
David Diehl

---

[1]Having so ruled, we take the time to emphasize to Mr. Diehl that our ruling does not preclude him from continuing his attempt to obtain new legal counsel.

4